IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| GEORGE P. LIVESLEY,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SPRINGFIELD, *et al.*,<br><br>    Defendants. | Case No. 6:18-cv-01023-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

Gorge P. Livesley ("Plaintiff") brings this *pro se* action against the City of Springfield, City of Springfield Police Department, City of Springfield Police Officer Steven Stone, John Doe 1 (jailer), John Doe 2 (off-duty officer), and Jane Doe 1 (recog. coordinator) (collectively, "State Defendants"), and PeaceHealth Medical Lab and Jane Doe 2 (supervisor of PeaceHealth Medical Lab). State Defendants have moved to dismiss with prejudice under Rule 12(b)(5) of the Federal Rules of Civil Procedure ("FRCP") for insufficient service of process. For the reasons herein, State Defendants' Motion to Dismiss (doc. 5) is DENIED. Plaintiff shall have 30 days to properly serve State Defendants under Rule 4(m) or to request for further extension of time.

Page 1 – OPINION AND ORDER

## BACKGROUND

Plaintiff is a 73-year-old male with several medical conditions for which he receives regular treatment. He has been treated for Stage III kidney failure, inability to walk, right-sided congestive heart failure, and congenital osteochondromatosis, among other ailments. In a letter to the Court one of his doctors states that Plaintiff has a number of serious medical conditions which have rendered him essentially totally disabled.

On June 9, 2016, Plaintiff was scheduled to have his blood drawn at PeaceHealth Medical Lab but arrived after his appointment time and after PeaceHealth had closed. Because the front door was locked, Plaintiff drove his car toward the door and parked on the adjacent sidewalk—Plaintiff's medical conditions necessitate mobility assistance so he states that he was attempting to use his car door as standing support.

Plaintiff "rattled" the locked door to get the attention PeaceHealth's employees and spoke to a PeaceHealth supervisor, to whom he refers to as "Jane Doe 1" in the Complaint. Jane Doe 1 "became instantly unpleasant," commented on Plaintiff's sidewalk-parking, and called the police. Plaintiff got back into his car to leave but was approached by Officer Stone of the Springfield Police Department. Officer Stone asked that Plaintiff put his hands behind his back and arrested him for a DUI after he failed a field sobriety test.

Plaintiff told Officer Stone that osteochondromatosis was a serious bone disease that made complying with the field sobriety test impossible. Plaintiff alleges that he was cuffed "to the point of causing severe pain" and taken to a jail cell where he requested a phone book to call his attorney. Officer Stone provided him a "seven-year out-of-date telephone directory" and refused to provide an up-to-date directory because he did not believe it was constitutionally required. Plaintiff also states that he was jostled around by the jailer and was further harassed by an off-duty officer.

After his release, Plaintiff requested that the DUI charge be dropped because he "blew 0.00 twice on breathalyzer" but the city attorney refused. Officer Stone explained that the objective evidence "did not appreciate his observed findings on field testing." Plaintiff states that he has endured debilitating back pain and has spent nearly $10,000 in costs associated with Officer Stone's treatment and these charges.

Plaintiff asserts Fourth Amendment violations for excessive force and claims for battery and false imprisonment resulting from his detention and arrest on June 9, 2016 against some or all of the State-Defendants. Plaintiff also alleges that the "tortious conduct" of some or all of the Medical-Defendants were a "substantial factor and legal cause" of his injuries. State Defendants move to dismiss under FRCP 12(b)(5) for insufficient service of process and request dismissal with prejudice because Plaintiff's claims are barred by the applicable statute of limitations. Plaintiff filed response motion titled "Plaintiff's Response to Defendant's City of Springfield and Steven Stone's Motion to Dismiss & Plaintiff's Motion to Postpone"—in which Plaintiff explains that he is too ill to adequately address State Defendants' motion.[1]

## LEGAL STANDARD

Rule 12(b)(5) authorizes a defendant to move for dismissal due to insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff is unable to satisfy its burden of demonstrating

---

[1] It's unclear whether Plaintiff is requesting an indefinite postponement of his litigation obligations or whether he simply thought he was required to attend an in-person hearing in October. If the former, the Court cannot postpone the matter indefinitely. If the latter, Plaintiff appears to have been mistaken about the need to an in-person court hearing in October.

Page 3 – OPINION AND ORDER

effective service, the court has discretion to either dismiss or retain the action. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

## DISCUSSION

For the reasons below, an extension of time for Plaintiff to properly serve State Defendants is warranted. State Defendants' Motion to Dismiss with prejudice due to statute of limitation concerns is therefore moot.

Federal courts generally lack personal jurisdiction over defendants unless the defendant has been served in accordance with Rule 4. *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009). Rule 4 "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (internal citation and quotation marks omitted). However, "[n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.1982) (internal citations omitted).

If a defendant has not been served within 90 days of filing the complaint, Rule 4(m) requires district courts to either dismiss the action or order service to be made within a specified time. Fed. R. Civ. P. 4. However, the district courts must extend the time for service if good cause is shown for the failure to serve. *Id.* According to Rule 6(b)(1)(B), the court has the option, for good cause, to extend an FRCP deadline even after the allotted time has expired if the party motions for an extension and initially failed to act because of excusable neglect." Excusable neglect for the purposes of Rule 6(b)(1)(B) may be determined by considering "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of

Page 4 – OPINION AND ORDER

the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). In cases involving *a pro se* plaintiff, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In other words, courts hold *pro se* pleadings to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Here, I find that good cause has been established under Rule 4(m). Plaintiff is an elderly man with multiple ailments proceeding *pro se*. He states that he has been too ill to adequately respond to the motion to dismiss and has provided the court with letters from his physicians attesting to the severity of his condition. Specifically, Plaintiff states that his partner and caretaker has been out of the country to be with her 99-year-old dying father and that Plaintiff's health issues have prevented him from adequately responding to State Defendants' motion. For example, Plaintiff states that the increase in girth around his waist pushes against his lungs and turns normal breathing into gasps for air—a claim that is backed up by the letter from his doctor. Such severe medical conditions support a finding of good cause. Additionally, State Defendants were aware of the claims Plaintiff is asserting against them. This is evidenced by their motion and acknowledged conversations with Plaintiff informing him that they intend to file this motion. Therefore, considering Plaintiff's health and circumstances, I find that good cause exists for Plaintiff's failure to timely serve defendants consistent with the requirements of Rule 4(m).

I also find that excusable neglect exists under Rule 6(b)(1)(B). Although that rule requires Plaintiff to motion for an extension of time, Plaintiff's age, medical conditions, and *pro se* status

Page 5 – OPINION AND ORDER

warrant construing Plaintiff's Response as a request for extension of time under Rule 6(b)(1)(B). First, the Response provides reasons to excuse Plaintiff's failure to timely serve State Defendants, *e.g.*, health conditions and family circumstances. In short, it is Plaintiff's attempt to demonstrate a sufficient case for excusable neglect. Second, such a treatment is consistent with the Ninth Circuit's approach to treating *pro se* Plaintiffs fairly and in consideration of their limited means. Finally, the determination of excusable neglect is an equitable one that accounts for all of the party's relevant circumstances and such a finding does not run afoul of the *Pioneer* factors in this case. State Defendants will not be prejudiced as they have been aware of the complaint filed against them, Plaintiff's reasons for his failure are sound, and there is no evidence of bad faith. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

State Defendants also argue that dismissal should be with prejudice because the alternative would make a subsequent complaint futile since it would violate the applicable statute of limitations. This argument is moot. Plaintiff shall have another 30-days to properly serve the named defendants and the applicable statute of limitations will remain tolled until that time.

## CONCLUSION

State Defendants' Motion to Dismiss (doc. 5) is DENIED. Plaintiff shall have 30 days to complete service of process or to request further extension of time. Failure to complete service of process will result in dismissal of the Complaint.

IT IS SO ORDERED.

Dated this 22nd day of January, 2019.

_____
Ann Aiken
United States District Judge